## JAMES R. ALLEN v. JUNE T. GARDNER.

(Filed 16 November, 1921.)

**1. Military—Civil Authority.**

The civil authority is superior to that of the military, and the latter can act only by authority and in execution of the power of the former.

**2. Same—Citizenship.**

A soldier in the United States Army going, at the invitation of the officers of a military organization, to take part as a bugler in a local celebration, is to be regarded as a citizen while so doing.

**3. Same—False Arrest—Evidence—Questions for Jury—Trials.**

Evidence that the commanding officer of militia in a city under the orders of the Governor to quell a threatened riot, caused the plaintiff, in the action for false imprisonment, and a soldier in the regular Army, there at the request of the officers of the militia to take part as a bugler in certain festivities to be held there, to be arrested with curses, and incarcerated in the city jail, because, though perfectly respectful, he did not at once comply with his orders to go back to the barracks, when, not being prepared to stay there, he was on his way to a hotel to secure a room for sleeping, and while he was in his regular uniform, differing from that of the militia, is sufficient as to the arrest being willful, malicious, and arbitrary, and without probable cause, to be submitted to the jury on the issue of the defendant's guilt, there being no necessity shown for the order given to the plaintiff.

**4. Appeal and Error—Instructions.**

The appellant has no just ground for an exception to an instruction of the court that is favorable to him, as appears of record in this action for false arrest.

**5. Same—False Arrest—Personal Malice.**

The evidence must be taken in the light most favorable to the plaintiff on defendant's motion as of nonsuit thereon, and a requested instruction in this action for false arrest, that the plaintiff could not recover unless the jury should find that the defendant was moved by personal ill will or malice towards the plaintiff, was properly refused, under the evidence.

APPEAL by defendant from *Finley, J.,* at the May Term, 1921, of DAVIDSON.

This was an action for false imprisonment. The plaintiff alleges that he was wrongfully arrested and imprisoned in the city jail of Charlotte under the orders and directions of the defendant, in command of the 1st Regiment, N. C. National Guard. The defense was that the defendant was acting under the orders of the Governor to quell a threatened riot in that city, and arrested the plaintiff upon a reasonable apprehension that it was his duty to do so.

The pleadings raised the issue whether the conduct of the defendant was in good faith or was arbitrary and unwarranted. The jury found all the issues against the defendant, who makes no exception except as to the refusal to nonsuit, and the refusal to give certain prayers for instruction, which, as the record shows, the court substantially gave. From the verdict and judgment the defendant appealed.

*P. V. Critcher and J. R. McCrary for plaintiff.*
*Phillips & Bower and Attorney-General Manning for defendant.*

CLARK, C. J. The evidence for the plaintiff, which alone is to be considered on a motion for nonsuit, was to the effect that the plaintiff was not a member of the defendant's command, "The 1st N. C. National Guard," but was a regular in the U. S. Army on furlough, whose uniform and hat distinguished him from the members of the National Guard. The evidence also shows that he was a man of good character and went to Charlotte at the invitation of the officers of the Lexington Company to act as a bugler at the 20th of May celebration the next day. He had taken no bedding or other equipment with him, and, therefore, not being prepared to sleep in the barracks of the National Guard on the night of the 19th, he was on his way to the hotel, all of which, he testifies, he explained fully and respectfully to the defendant when he was arrested, but avers that the defendant arbitrarily and unjustly, without reasonable cause and without any necessity to prevent a riot, and without authority, sent him to jail.

The testimony of plaintiff and his witnesses is that at the time of the plaintiff's arrest and imprisonment, and for some time previously, the streets had been cleared of both civilians and soldiers with the exception of the guard of soldiers, and at the time of the plaintiff's arrest there was no commotion or disturbance going on anywhere. When the plaintiff was halted by one of the sentinels he promptly obeyed the command, and when asked where he was going, replied that he was a member of the Regular Army, and did not belong to the National Guard, and was going to the hotel to get a bed to sleep on; that Colonel Gardner, the

defendant, told the plaintiff that "he would have to go back to the barracks." The witnesses testify that the plaintiff, in a respectful manner, repeated to Colonel Gardner the above statement, and stated his object was to find a bed to sleep, whereupon the defendant told him that he would have to respect him, and the plaintiff, in a most respectful manner, did salute him, but the defendant replied that "He did not give a d— for his salutes," and in an angry manner told the plaintiff that he "would give him a bed" and ordered the witnesses to take him under arrest and carry him to jail, which was done, and the plaintiff was thrown into the city prison with the humiliating circumstances of its filth and odors and disorderly inmates, where he was kept confined until the next morning when he was released, as the defendant claims, on his orders.

If the defendant deemed the plaintiff was a member of his command he should have been sent back to the barracks, and there is no evidence which justifies his being sent under guard to the city jail, which was a humiliation to a soldier, and which was especially unwarranted as to the plaintiff, who for the purposes of this occasion was a civilian, attending the celebration as the guest of the officers of the Lexington Company.

The evidence of all these witnesses, with slight contradiction from the defendant's witnesses, was that the manner and conduct of the plaintiff was calm, quiet, respectful, and inoffensive, and that the conduct of the defendant was angry, offensive, arbitrary, and without reason or necessity, and that the plaintiff disobeyed no order of the defendant, and that his arrest and imprisonment was unnecessary to preserve the peace and order of the city, in order to prevent any further trouble, if there had been any prior trouble worthy of mention, which the record does not disclose. The witnesses testify to seeing only one man apparently hurt, and the plaintiff when arrested knew nothing of any riot or disturbance having occurred.

On the motion to nonsuit, the evidence for plaintiff must be taken as true. The jury, upon the issues submitted, found that the arrest and imprisonment was without probable cause and was malicious.

With every allowance for the excitement and confusion, and the possible misunderstanding of the situation, there was evidence properly submitted to the jury upon which they found their verdict. [The supremacy of the civil authorities over the military is at the very basis of our republican form of government, both State and Federal, and the military can act only by authority, and in execution of the civil power. "A member of the State militia, whether a private or an officer, in active service, is not relieved from civil liability for his acts while so engaged on the ground that he acted in obedience to orders received through the regular military channels." *Frank v. Smith*, 25 A. & E., 319, and notes.

A soldier is responsible for damages for wrongful acts done by him whether with or without orders or in excess of his orders. His being a member of the military does not give him license to do those things which a civilian cannot do. A military officer may legally arrest a person, in given instances, but no more force must be used than is necessary, and if the power is exercised for the purpose of oppression or any injury is willfully done, he will be answerable. 18 R. C. L., 1082.]

The requirement of reasonable good faith and probable cause and the evidence tending to show arbitrary and oppressive use of authority by the defendant are fully and correctly set out in the judge's charge, who instructed the jury that if the plaintiff refused to go to barracks when there was danger of the renewal of a riot, or if the defendant had reasonable ground to believe that the plaintiff going up the street in uniform might excite the negroes, or tend to bring on a renewal of the trouble, they should answer the second issue as to probable cause in favor of the defendant.

The court further charged the jury that under the circumstances the defendant's conduct should not be weighed in golden scales, and if he acted in good faith and under good reasons the jury should answer the issue in his favor.

The court further charged the jury that if the plaintiff went with the soldiers to Charlotte as their guest he was under obligations to abide the military rules and regulations and render obedience to the officers of the militia, and had no right to resist any lawful command of the defendant, who had a right to prevent the plaintiff from going up town if there was reason to apprehend that it might cause trouble between the whites and blacks. Indeed, the larger part of the charge was the statement of the contentions for the defendant and giving at length substantially the instructions asked by his attorneys. These were as favorable as he could expect, if not indeed in some respects too much so.

The court properly refused to give the prayer that the plaintiff could not recover unless the defendant was moved by personal ill will or malice towards the plaintiff. While the jury could consider the evidence that tended more favorably towards the defendant, as already stated, the Court, on appeal, is privileged to consider, on the motion to nonsuit, only the evidence in favor of the plaintiff, and with the most favorable inferences from it in his favor.

The facts have been found by the jury upon evidence that if believed justified their findings, and without any erroneous statement of the law prejudicial to the defendant.

No error.